SEDDAN<br>v.<br>TEMPLETON.

---

## SUCCESSION OF JOHN C. BOONE.

The testamentary executrix who is in possession of the succession, is not under the necessity of demanding the seizin of a particular legacy to herself from the heirs.

Where two clauses in a will are inconsistent, the latter is considered as the will of the testator. C. C. 1716.

APPEAL from the District Court of West Feliciana, *Stirling*, J. *U. B. Phillips*, for appellee. *C. Ratliff*, for appellant. The judgment of the court was pronounced by

ROST, J. This is an appeal by the heirs of *John C. Boone*, from a judgment on the oppositions to the account filed by his widow and executrix. The only two items of the account seriously contested on the appeal, are a charge made by the executrix for the rent of lands and buildings leased by her to the succession, and the amount paid for counsel's fees.

The will of the testator commences by the following disposition : "It is my will and request, that all of my property, not herein disposed of by particular legacy, shall remain in the possession, and under the administration of my beloved wife, and partner in the community now subsisting between me and my said wife, until the first day of January, 1855; after that period, to be divided and partitioned amongst my legal heirs, as hereinafter directed; but such division is not intended to operate to the prejudice of any particular legacy herein bequeathed, to any heir or legatee."

He then goes on to make a large number of legacies of land and slaves, among which is the following : "To my beloved wife, *Nancy Fegucy Boone*, I give and bequeath the Home place or plantation, containing one thousand arpents, and known by us as the Zadcock Brashier grant, together with the household furniture, stock, farming utensils, and the improvements thereon and thereunto belonging ; also, the following slaves, to wit : *Kentucky Jim*, the carriage driver, and his wife *Mary*, and her daughter *Rody* ; *Susan*, the cook ; the washerwoman, *Sarah* ; and the seamstress, *Molly* ; to have and to hold the same unto her, the said *Nancy Fugucy Boone*, her heirs and assigns, to her own proper use and benefit, for ever."

SUCCESSION OF
BOONE.

It is shown that the testator cultivated, at the time of his death, part of the Brashier tract of land, and another large tract adjoining it; and that all the plantation buildings, except one of the gin-houses, were on the Brashier tract.

The two tracts have continued to be cultivated as they were before the death of the testator. and the executrix claims rent for her land and buildings, on the ground that the bequest to her, being a particular legacy, she was entitled to take possession at once; that being an executrix with the seizin, she was not bound to demand the delivery from the heirs, and that she has been in possession in her own right, ever since she was qualified as executrix.

The heirs of *Boone*, on the other hand, contend, that the legacy to the executrix was only intended to take effect in 1855; and, if mistaken in this, they urge, that the executrix having failed to make a demand from the heirs, she has no claim for the fruits; they also deny the power of the executrix, to create obligations in her own favor, as she has attempted to do.

The district judge considered the claim of the executrix well founded, but considering that the succession had claims against her for improvements made upon her land, and also for negro hire, which she had failed to allow, and the amount of which was not satisfactorily shown, he ordered her claim to be stricken from the account, reserving the rights of the parties in relation to it. The opponents have appealed.

The legacy made to the executrix, is of the same character as all the others contained in the will, and is, in every respect, a particular legacy within the meaning of the exception in the will. As testamentary executrix, she was dispensed by law from the formality of demanding the delivery from the heirs, and the district judge was authorized to consider her in possession as owner.

We perceive no inconsistency or contradiction in the two dispositions of the will which we have quoted. The testator gave away a good many of his slaves, and his intention was, no doubt, that those which were to be kept together until 1855, should cultivate the tract of land adjoining the Brashier tract. There was a gin-house upon it, and other plantation buildings might easily have been erected. Whether the executrix acted for the interest of the estate, in using those upon her land instead of building others, and the extent to which the succession was benefited, by this and the cultivation of the Brashier tract, will be a matter for future investigation.

If it was true that the two dispositions of the will are contradictory, the particular legacy was last written, and under an express provision of the code, must be presumed to be the will of the testator. If he had disposed of all his property by private bequests, the first disposition would have been entirely inoperative. Civil Code, 1716.

A careful perusal of the evidence, and of the proceedings had in the succession, has satisfied us that the amount paid for counsel fees is reasonable; we can discover no error in the judgment.

Judgment affirmed, with costs.